IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SHAHEEN CABBAGESTALK, ) | Civil Action No. 3:08-2718-SB-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| S.C. DEPARTMENT OF CORRECTIONS; ) | |
| JON OZMINT; ) | |
| CHAPLAIN VAN BEBBER, LIEBER HEAD ) | |
| CHAPLAIN; ) | |
| HEADQUARTERS CHAPLAIN IN COLUMBIA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on August 1, 2008. At the time, he was an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He is currently incarcerated at the McCormick Correctional Institution of the SCDC. Plaintiff filed motions for injunctions on August 1 and September 4, 2008.

Plaintiff requests injunctive relief regarding the practice of his religion. In his August motion, Plaintiff requests that SCDC stop making Rastafarian inmates cut their dreadlocks and beards; provide a vegetarian diet that is different from that of the regular SCDC vegetarian diet; allow Rastafarians to receive literature and listen to reggae music when they are on "lock-up"; not confine Rastafarians to their cells during their Sabbath Day (every Saturday); allow Rastafarian videos or teachings; serve 100% fruit drinks, sweet herbal tea, and sugar cane juice; prepare food with spices; not serve bleached food including rice and bread; and sell "proper" things at the canteen including black and white soap, aloe soap, and dread hair oil. In his September motion, Plaintiff requests that SCDC stop discriminating against Rastafarians. He requests that Rastafarians be allowed to have dreadlocks and beards; have Rastafarian crowns to cover their heads during religious services; have

any literature that a Rastafarian can order from a vendor; not be employed by "Babylon SCDC System or any oppressors or government entities;" have 100% fruit drinks and nothing generic; have fish, curry powder, and different exotic tropical fruits; and have Rastafarians monitor food preparation.

Defendants contend that Plaintiff's motions should be denied because he cannot demonstrate that there is a substantial likelihood that he will succeed in proving that the SCDC Policies in question violate his constitutional rights. Defendants provide that the SCDC Grooming Policy was implemented to help eliminate contraband, reduce gang activity, identify inmates, and maintain order in South Carolina prisons. They argue that the Grooming Policy is a neutral and generally applicable regulation that does not violate the Free Exercise Clause. D. A. Van Bebber, Chaplain at Lieber Correctional Institution ("LCI"), states that Rastafarians at LCI regularly meet two times a week and are allowed certain privileges regarding diet, clothing (crowns), and religious practices as outlined in the SCDC Policy and Procedure Manual, Section 10.5. He states that if an inmate is in Maximum Security, the inmate is not allowed to leave his cell for religious services due to safety and security reasons stated in Section 3 of the SCDC Policy and Procedure Manual regarding inmate religion.

The undersigned construes these pleadings as motions for preliminary injunctive relief. The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c) the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

2

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

The party seeking the preliminary injunction bears the burden of proving that each factor supports granting relief. Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir.1991). Here, Plaintiff's motions should be denied because he has failed to address these factors. He is unlikely to be successful in the underlying dispute between the parties and is unlikely to suffer irreparable injury if interim relief is denied. Where prison officials demonstrate that they are pursuing a legitimate governmental objective, and show a "minimally rational relationship between that objective and the means chosen to achieve that objective," the means must be upheld. Hines v. South Carolina Dep't Corrs., 148 F.3d 353, 358 (4th Cir. 1998). Additionally, to the extent that Plaintiff is attempting to assert claims on behalf of other Rastafarian residents, his claims fail. See Laird v. Tatum, 408 U.S. 1 (1972). See also Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a

3

district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981 )(a prisoner cannot act as a "knight-errant" for others).  Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. *(4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motions for injunctive relief (Docs. 3 and 12) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

February 3, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).