IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SHAHEEN CABBAGESTALK, #295567, ) | Civil Action No. 3:08-2718-SB-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| S.C. DEPARTMENT OF CORRECTIONS; ) | **REPORT AND RECOMMENDATION** |
| JON OZMINT; ) | |
| CHAPLAIN VAN BEBBER, LIEBER HEAD ) | |
| CHAPLAIN; AND ) | |
| HEADQUARTERS CHAPLAIN IN COLUMBIA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on August 1, 2008.[1] At the time, he was an inmate[2] at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He is currently incarcerated at the McCormick Correctional Institution of the SCDC. Defendants are Jon Ozmint ("Ozmint"), Lieber Senior Chaplain Van Bebber ("Van Bebber"), and Headquarters Chaplain in Columbia. On January 20, 2009, Defendants filed a motion for summary judgment. Plaintiff,

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2] Defendants confusingly refer to Plaintiff as a pretrial detainee (they referred to him as an inmate in prior pleadings). They state, however, that Plaintiff was convicted of armed robbery and sentenced to eighteen years. Additionally, they provided a copy of a disposition sheet indicating that "James Cabbagestalk," was sentenced on August 28, 2007. In his objections to Defendants' motion for summary judgment, Plaintiff appears to now argue that he is being falsely imprisoned because he is "Shaheen Cabbagestalk" not "James Cabbagestalk." It does not appear that such a claim, which was not raised in his Complaint, is properly before the Court. To the extent that Plaintiff is implicating the fact or duration of his confinement, he is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff has not shown that he has exhausted his state remedies.

because he is proceeding pro se, was advised on January 21, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the dismissal of his complaint. Plaintiff did not file a response. The undersigned filed a second order on February 27, 2009, allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. Plaintiff again did not file a response. On March 27, 2009, the undersigned recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution. Plaintiff filed an objection on April 10, 2009. On May 13, 2009, the Honorable Sol Blatt, Jr., Senior United States District Judge, declined the recommendation and ordered Plaintiff to file a response to Defendants' motion for summary judgment within thirty days. Plaintiff filed a response in opposition to Defendants' motion for summary judgment on June 18, 2009.

## DISCUSSION

Plaintiff, who states he is a member of the Rastafarian faith, appears to allege constitutional claims under 42 U.S.C. § 1983. He appears to allege that his religious freedom and equal protection rights were violated because SCDC's grooming policy does not allow dreadlocks and beards; he is not provided a diet which conforms to his religious beliefs; and Defendants fail to provide him with the necessary means to practice his faith, including being allowed to smoke marijuana and listen to reggae music. In his rambling complaint, Plaintiff also appears to assert claims concerning a lack of educational opportunities, limited legal resources, a lack of conjugal visits, high canteen prices, a lack of educational and rehabilitative programs, a general lack of moral, and being forced to work

for little or no wages.³ He requests injunctive relief. Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff failed to exhaust his available administrative remedies before filing this action; (2) Plaintiff's claims fail to constitute or support a constitutional violation;⁴ (3) no respondeat superior liability exists under 42 U.S.C. § 1983; and (4) the individual Defendants are entitled to qualified immunity.

    1.    <u>Failure to Exhaust Remedies</u>

Defendants contend that Plaintiff failed to exhaust his available administrative remedies before filing this action. Plaintiff did not respond to this argument in his memorandum in

---

³To the extent that Plaintiff is attempting to assert claims on behalf of other Rastafarian residents, his claims fail. <u>See</u> <u>Laird</u> v. <u>Tatum</u>, 408 U.S. 1 (1972); <u>See</u> also <u>Valley Forge Christian College v. Americans United for Separation of Church & State</u>, 454 U.S. 464, 482 (1982); <u>Flast v. Cohen</u>, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); <u>Lake Carriers Ass'n v. MacMullan</u>, 406 U.S. 498, 506 (1972); and <u>Hummer v. Dalton</u>, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). <u>Cf.</u> <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a <u>pro</u> <u>se</u> prisoner cannot be an advocate for others in a class action); and <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

⁴Plaintiff appears to claim that his religious freedom and equal protection rights were violated. In their motion for summary judgment, Defendants appear to couch Plaintiff's claims as ones concerning his conditions of confinement under either the Fourteenth or Eighth Amendment. To the extent that Plaintiff makes allegations concerning his conditions of confinement, his claims fail because he has not shown any serious or significant physical or emotional injury resulting from the challenged conditions. <u>See</u> <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-81 (4th Cir.), <u>cert.</u> <u>denied</u>, 510 U.S. 949 (1993). If indeed Plaintiff is a pretrial detainee and he is alleging a Fourteenth Amendment claim that he is being "punished" by his conditions of confinement, his claim fails because he has not shown an intent on Defendants' part to punish him and he fails to allege anything more than de minimis injury. <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979); <u>Ingraham v. Wright</u>, 430 U.S. 651, 674 (1977)("There is, of course, a de minimis level of imposition with which the Constitution is not concerned.").

3

opposition to summary judgment, other than to complain that SCDC does not follow its own grievance policies.[5]

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

In his complaint, Plaintiff wrote that he filed a grievance concerning his claims on August 29, 2007, but never received a grievance number from Kirkland Reception and Evaluation Center. Complaint at 2. Defendants contend that no such grievance can be located or that it was never submitted for filing. Plaintiff's grievance log indicates that no grievance was filed on the date in question. See Defendants' Motion for Summary Judgment, Ex. 3. Plaintiff has presented nothing to dispute this and has not provided a copy of the alleged grievance. Further, he admits in his complaint that he did not receive a final agency determination on the grievance. Complaint at 2.

---

[5]The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994). Further, allegations that SCDC Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

Plaintiff attached copies of grievances which appear to have been filed in July 2008 concerning some of the issues he alleges. If Plaintiff is attempting to claim that he exhausted his remedies by filing these grievance forms, he fails to do so as he did not exhaust his administrative remedies prior to filing this action.

A prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005), see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir. 2001) (holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirements, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."), overruled on other grounds, Porter v. Nussle, 534 U.S. at 532; Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir. 2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) (a prisoner may not exhaust administrative remedies during the pendency of the federal suit); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."). Here,

Plaintiff filed his grievances less than thirty days before he filed this action. The requisite amount of time after filing a grievance with SCDC had not passed prior to Plaintiff filing this action.[6]

To the extent that Plaintiff attempts to assert claims under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb et seq.,[7] his claims fail, as the Supreme Court invalidated RFRA as it applied to states and localities. City of Boerne v. Flores, 521 U.S. 507, 536 (1997). Further, any claim under RFRA also fails because Plaintiff has not shown that he exhausted his available administrative remedies. See 42 U.S.C. § 1997e(a)('No action shall be brought with respect to prison conditions under section 1983 of this title, **or any other Federal law**, by a prisoner...until such administrative remedies as are available are exhausted.")(emphasis added).[8]

---

[6] The Court may take judicial notice of SCDC Policy GA-01.12. As noted in Jones v. Kay, No. 07-3480, 2007 WL 4292416 (D.S.C. December 05, 2007), the time limits of this policy are summarized as follows:
> (1) an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; (2) the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; (3) the Warden should respond to the grievant in writing within forty (40) days; (4) the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and (5) a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

Id. at *5.

[7] In his complaint, Plaintiff references the Religious Freedom Restoration Act. See Complaint at 3 and 11.

[8] Even if Plaintiff alleges claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq., such claims would also be subject to the exhaustion requirement. See Cutter v. Wilkinson, 544 U.S. 709, 723 n. 12 (2005); 42 U.S.C. § 2000cc-2(e).

2. <u>Supervisory Liability</u>

Defendants contend they cannot be held liable on a theory of respondeat superior because they had no personal contact with Plaintiff and did not have knowledge of the alleged deprivations and/or improper conditions. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Fisher v. Washington Metro Area Transit Authority</u>, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. <u>Slakan v. Porter</u>, 737 F.2d 368 (4th Cir. 1984), <u>cert. denied</u>, <u>Reed v. Slakan</u>, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendants were personally responsible for any of the incidents or acted in any way other than a supervisory role.[9] Further, Plaintiff has not shown that these Defendants were deliberately indifferent to, or tacitly authorized, any of the actions or inactions of SCDC employees. Thus, Plaintiff fails to show that Defendants are liable on a theory of respondeat superior or supervisory liability.

---

[9]Plaintiff does not make any specific assertions against Defendants Van Bebber or Headquarters Chaplain. He mentions Ozmint in the body of his complaint, but just appears to make generalized assertions about how Ozmint should manage SCDC. He also alleges that Ozmint is a "slave driver" and that his actions in taking away pornographic magazines and placing certain inmates in pink jumpsuits has encouraged other inmates to engage in homosexual acts.

## **CONCLUSION**

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 31) be granted.

Joseph R. McCrorey
United States Magistrate Judge

August 19, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).