IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shaheen Cabbagestalk, #295567, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:08-2718-SB-JRM
)
S.C. Department of Corrections; )
Jon Ozmint; Chaplain Van Bebber, ) **ORDER**
Lieber Head Chaplain; and )
Headquarters Chaplain in Columbia, )
)
        Defendants. )
_____)

This matter is before the Court upon the Plaintiff's *pro se* complaint, filed pursuant to 42 U.S.C. § 1983. By local rule, the matter was referred to a United States Magistrate Judge for preliminary determinations.

## PROCEDURAL HISTORY

The Plaintiff filed his complaint on August 1, 2008, alleging constitutional violations under 42 U.S.C. § 1983 and naming as Defendants the South Carolina Department of Corrections ("SCDC"), Jon Ozmint ("Ozmint"), Lieber Senior Chaplain Van Bebber ("Van Bebber"), and the Headquarters Chaplain in Columbia. On January 20, 2009, the Defendants filed a motion for summary judgment. On January 21, 2009, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and the possible consequences of failing to respond adequately to the Defendants' motion. Despite this order, the Plaintiff failed to respond to the Defendants' motion. Therefore, on February 27, 2009, the Magistrate Judge issued a second order granting the Plaintiff an additional fifteen (15) days



to respond to the Defendants' motion. Because the Plaintiff again failed to respond, the Magistrate Judge issued a report and recommendation ("R&R") on March 27, 2009, recommending that the Court dismiss the Plaintiff's complaint with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

On April 10, 2009, the Plaintiff filed objections to the R&R, asserting that he had responded to the Defendants' motion but that it must have gotten lost in the mail. Based on this assertion, the Court instructed the Plaintiff to (re)file his response to the Defendants' motion, and the Court remanded the matter to the Magistrate Judge for further consideration.

On June 18, 2009, the Plaintiff filed his response to the Defendants' motion, and on August 19, 2009, the Magistrate Judge issued an R&R, analyzing the issues and recommending that the Court grant the Defendants' motion for summary judgment. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review.

## STANDARD OF REVIEW

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

When the Plaintiff filed his complaint, he was incarcerated at the Lieber Correctional Institution of the SCDC. Currently, it appears that the Plaintiff is incarcerated at the

2

McCormick Correctional Institution of the SCDC. In his complaint, the Plaintiff asserts that he is a Rastafarian and that his constitutional rights are being violated because, *inter alia*, he has been forced to cut off his dreadlocks; his meals are not consistent with the Rastafarian diet; he is not offered appropriate herbal concoctions; the SCDC promotes homosexuality and pink jumpsuits; he is not provided conjugal visits; he cannot smoke marijuana and listen to reggae music; and he is not given ample educational opportunities.

In their motion for summary judgment, the Defendants assert that the Plaintiff failed to exhaust his administrative remedies prior to filing suit; that the Plaintiff's claims do not constitute a constitutional violation; that no *respondeat superior* liability exists under 42 U.S.C. § 1983; and that Ozmint, Van Bebber, and the Columbia Headquarters Chaplain are entitled to qualified immunity.

In his response to the Defendants' motion for summary judgment, the Plaintiff claims that he has been kidnapped because he is Shaheen Cabbagestalk, not James Cabbagestalk, whose name appears on the disposition sheet provided by the Defendants. Next, he reiterates his complaints about his religious rights and asserts that the SCDC is refusing to let him be a Rastafarian. He also claims he found a rock in his food and that food is served past its expiration date. In addition, the Plaintiff complains that other prisoners receive psychotropic medication while he is denied the right to smoke marijuana. In his response, the Plaintiff does not directly address the arguments raised by the Defendants in their motion for summary judgment.

In the R&R, the Magistrate Judge found that the Plaintiff's claim that he has been kidnapped was not properly before the Court because it was not raised in his complaint. Next, the Magistrate Judge determined that the Plaintiff failed to exhaust his administrative

3

remedies as required by the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Magistrate Judge noted that the Plaintiff admitted in his complaint that he had not received a final agency determination on his grievance, and the Magistrate Judge further noted that, with respect to the grievances filed in July of 2008, the Plaintiff could not possibly show that he exhausted his administrative remedies prior to filing suit (in August of 2008) because the requisite amount of time after filing the grievances had not passed before filing suit. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 677(4th Cir. 2005). Lastly, the Magistrate Judge found that the Plaintiff failed to show that the Defendants are liable on a theory of *respondeat superior*.

In his objections, the Plaintiff reiterates at length his complaint that he has been kidnapped and that the SCDC does not have jurisdiction over him because the disposition sheet provided by the Defendants refers to James Cabbagestalk and not Shaheen Cabbagestalk. Here, the Court agrees with the Magistrate Judge that this claim is not properly before the Court. Moreover, to the extent that the Plaintiff is challenging the fact or duration of his confinement, he is subject to the exhaustion requirements of 28 U.S.C. § 2254(b), and he has not shown that he has exhausted his state remedies.[1]

Next, the Plaintiff merely rehashes his claims that the SCDC is violating his constitutional rights by, *inter alia*, cutting his dreadlocks and prohibiting him from smoking

---

[1] The signature on the disposition sheet to which the Plaintiff objects appears to be that of "Shaheen Cabbagestalk," not James Cabbagestalk.

4

marijuana and listening to reggae music. He also complains that the mailroom staff is not properly trained and interferes with his mail. Although the Plaintiff rehashes his arguments at length, he does not point to any legal or factual error in the Magistrate Judge's determination that he failed to exhaust his administrative remedies or that he failed to show that the Defendants are liable on a theory of *respondeat superior*. After review, therefore, the Plaintiff's objections are overruled.

The Court has conducted a thorough review of the applicable law, the record, the R&R, and the Plaintiff's objections, and after review, the Court agrees with the Magistrate Judge's recommendation. Accordingly, it is hereby

**ORDERED** that the R&R is adopted and incorporated herein, and the Defendants' motion for summary judgment is granted.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 17, 2009
Charleston, South Carolina